United States District Court
Southern District of Ohio
Eastern Division

**Jeanine Stephen,**

  **Plaintiff,**

  v.              Case No. 2:04-cv-648
                Judge Smith
**Jon Creal,** *et al.***,**         Magistrate Judge Kemp

  **Defendants.**

## OPINION AND ORDER

Plaintiff, Jeanine Stephen, brings the present employment discrimination action against John Creal and Anne Womer Benjamin, two officials of the Ohio Department of Insurance. Specifically, plaintiff asserts the following four claims: (1) sex discrimination and retaliation in violation of 42 U.S.C. § 2000e, *et seq.* ("Title VII") and O.R.C. Chapter 4112; (2) violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*; (3) violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d) and O.R.C. Chapter 4111; and (4) a state law claim of wrongful adverse employment action in violation of public policy. Plaintiff asserts these claims against defendants Creal and Benjamin in their official capacities and also against defendant Creal in his individual capacity. Defendants move for judgment on the pleadings on all claims except the EPA claim against defendants in their official capacities. For the following reasons, the Court **GRANTS** defendant's motion.

## I. PARTIES

Plaintiff Jeanine Stephen has been employed by the Ohio Department of Insurance ("ODI" or "Department") since 1997. Most recently, plaintiff has worked for the Department as

an Information Technology Supervisor 3. Plaintiff is still employed by ODI at the present time.

Defendant Anne Womer Benjamin is the Commissioner of ODI. Defendant Jon Creal is a Human Resources Administrator for ODI.

## II. STANDARD OF REVIEW

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In deciding a Rule 12(c) motion based on all pleadings, a Court must apply the same standard used for a Rule 12(b)(6) motion based solely on the complaint. Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998).

A 12(b)(6) motion to dismiss for failure to state a claim "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. Schuer v. Rhodes, 416 U.S. 232, 236 (1974). A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. See Rauch v. Day & Night Mfg. Corp., 576 F.2d 857, 858 (6th Cir. 1976). Rule 12(b)(6) must be read in conjunction with Fed. R. Civ. P. 8(a) which provides that a pleading for relief shall contain "a short and plain statement of the claim showing that the

pleader is entitled to relief." 5A Wright & Miller, Federal Practice and Procedure § 1356 (1990). The moving party is entitled to relief only when the complaint fails to meet this liberal standard. Id.

On the other hand, more than bare assertions of legal conclusions is required to satisfy the notice pleading standard. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." Id. (emphasis in original, quotes omitted). The Sixth Circuit has stated:

> "[w]e are not holding the pleader to an impossibly high standard; we recognize the policies behind rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist."

Id. (quoting O'Brien v. DiGrazia, 544 F.2d 543, 546 n.3 (1st Cir. 1976), cert. denied, 431 U.S. 914 (1977)).

### III. ANALYSIS

#### A. Title VII

Defendants allege they are entitled to judgment on plaintiff's Title VII claim since plaintiff failed to first file a timely charge with the EEOC.

Filing a timely EEOC complaint is a statutory requirement for filing a Title VII claim in federal court. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798 (1973). A plaintiff must be in receipt of a statutory notice of the right to sue from the Commission. Alexander v. Gardner-Denver, Co., 415 U.S. 36,

47 (1974). Plaintiff indicates she "is in the process of filing a charge with the Equal Employment Opportunity Commission...." (Pl. Memo Opp. 1). Plaintiff's vague statement gives this Court no indication that a charge has in fact been filed or that a right to sue letter has been issued. Plaintiff fails to state in her complaint or otherwise that she has in fact filed a timely EEOC complaint. Being "in the process of filing a charge" with the EEOC simply fails to satisfy the statutory requirements for bringing a Title VII claim in federal court.

Plaintiff notes that she is obligated to utilize the Department's internal complaint procedures for alleged harassment. Plaintiff cites the following two cases in support of this point: Faragher v. City of Boca Raton, 524 U.S. 775 (1998); Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998). Both of these cases are irrelevant on the issue of requirements for filing a Title VII claim. Instead, both deal with an employee's failure to utilize internal complaint procedures as an employer's affirmative defense to hostile environment claims. See Faragher, 524 U.S. at 777-78; Burlington, 524 U.S. at 765. Neither suggests that internal complaint procedures affect an employee's duty to file an EEOC complaint before seeking a remedy in federal court.

Since plaintiff is still employed by ODI, and some of the alleged bases for her Title VII claims are potentially continuing violations, the Court dismisses the Title VII claim against defendants in their official capacities *without prejudice*. This will give plaintiff the opportunity to file a claim with the EEOC and, if she receives a right to sue letter and complies with any and all limitation periods, can thereafter seek a judicial remedy.

Defendants also assert plaintiff has improperly instituted a Title VII claim against defendant Creal in his individual capacity since he is not an "employer" for Title VII purposes.

Plaintiff acknowledges this, noting that the claims under Title VII and O.R.C. Chapter 4112 were inadvertently combined into one Count in the initial complaint. Plaintiff states that only the O.R.C. Chapter 4112 claim is brought against defendant Creal in his individual capacity.[1] The Court deems plaintiff's Title VII claim against defendant Creal in his individual capacity to be abandoned.

### B. Family & Medical Leave Act

Defendants assert plaintiff has improperly instituted an FMLA claim against defendant Creal in his individual capacity. The Sixth Circuit has stated that officials or supervisors of public agencies are not considered "employers" for FMLA purposes. See Mitchell v. Chapman, 343 F.3d 811, 827-29 (6th Cir. 2003), cert. denied, 124 S.Ct. 2908 (2004). Accordingly, plaintiff's FMLA claim against defendant Creal in his individual capacity must be dismissed.

Defendants also aver that plaintiff's FMLA claim against defendants in their official capacities is barred by the Eleventh Amendment and sovereign immunity. Plaintiff argues sovereign immunity is inapplicable to the FMLA claim. Claims against state employees in their official capacities are indistinguishable from claims against the state. Will v. Michigan Dep't of State Police, 491 U.S. 58, 89 (1989); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 85, 101 (1984). The FMLA claim must therefore be examined in the context of state immunity.

The Eleventh Amendment to the United States Constitution provides:

---

[1] Plaintiff asserts that this initial mistake has been clarified in "Paragraph Twenty-five (25) indicating that only the O.R.C. Chapter 4112 claim is brought against Defendant Creal in his individual capacity...." (Pl. Memo. Opp. 2). The Court is unclear as to which "Paragraph Twenty-five" plaintiff refers to. Paragraph 25 of plaintiff's complaint is irrelevant with respect to this issue. Plaintiff seems to believe she filed an amended complaint. At one point in her memorandum, she refers to an "amended complaint submitted herewith to the Court...." (Pl. Memo. Opp. 2). Plaintiff has not filed an amended complaint. Nonetheless, plaintiff has expressed her desire to abandon her Title VII claim against defendant Creal in his individual capacity.

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.  Through this sovereign immunity provision, the Eleventh Amendment denies the federal courts jurisdiction over suits brought by an individual against a nonconsenting state.  Board of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001).  "Congress may, however, abrogate such immunity in federal court if it makes its intention to abrogate unmistakably clear in the language of [a] statute and acts pursuant to a valid exercise of its power under § 5 of the Fourteenth Amendment."  Nevada Dep't of Human Resources v. Hibbs, 538 U.S. 721, 726 (2003).

The Sixth Circuit has addressed state immunity to FMLA claims.  In Sims v. University of Cincinnati, 219 F.3d 559, 561 (6th Cir. 2000), the Court held that although Congress clearly expressed an intent to abrogate state immunity to FMLA actions, the FMLA as a whole is not a valid exercise of Congress's power under § 5 of the Fourteenth Amendment.  Therefore, states enjoy immunity to FMLA claims brought against them in federal court.  Sims, 219 F.3d at 566.

The Supreme Court modified this principle in Nevada Dep't of Human Resources v. Hibbs, 538 U.S. 721 (2003).  That case dealt with an FMLA claim against a state under § 2612(a)(1)(C), known as the family-care provision.[2]  Ultimately, the Court held that § 2612(a)(1)(C) constitutes a valid abrogation of states' Eleventh Amendment rights.  Hibbs, 538

---

[2] The FMLA entitles eligible employees to a total of 12 workweeks of leave during any 12-month period for one or more of the following reasons: (1) Because of the birth of a child of the employee and in order to care for such a child; (2) Because of the placement of a son or daughter with the employee for adoption or foster care; (3) In order to care for the employee's spouse, child, or parent if they have a serious health condition (family-care provision); or (4) Because of a serious health condition that makes the employee unable to perform their job functions (self-care provision).  29 U.S.C. § 2612(a)(1).

U.S. at 740. Therefore, state employees may recover damages in federal court if a state fails to comply with the family-care provision of the FMLA.

Plaintiff's claim is based on the self-care provision of the FMLA, § 2612(a)(1)(D). That is, plaintiff's eligibility for FMLA leave was based on her own "migraine headaches and related physical symptoms or conditions...." (Pl. Compl. ¶ 26). However, the Hibbs holding is limited only to FMLA claims arising under the family-care provision. Even after Hibbs, states continue to enjoy immunity to FMLA claims arising under the self-care provision. See Brockman v. Wyoming Dep't of Family Servs., 342 F.3d 1159, 1164 (10th Cir. 2003) (explaining that the self-care provision was "not implicated by [the Hibbs] decision."); Touvell v. Ohio Dep't of Mental Retardation & Developmental Disabilities, No. 2-04-250 (S.D. Ohio 2004) (same). Since the state of Ohio is immune to FMLA claims arising under the self-care provision, plaintiff's FMLA claim against defendants in their official capacities must be dismissed for lack of jurisdiction. Accordingly, defendants are entitled to judgment on the pleadings with regard to the FMLA claims.

### C. Equal Pay Act

Defendants similarly assert that plaintiff's Equal Pay Act claim against defendant Creal in his individual capacity must be dismissed since Creal is not an employer under the EPA.[3] Plaintiff again points out an error in her initial complaint and states that even if the Court finds that an EPA claim may not be brought against Creal individually, she still has a valid claim

---

[3] Defendants do not seek judgment on plaintiff's EPA claim against them in their official capacities.

against him under O.R.C. Chapter 4111.[4]  Therefore, a brief analysis on the meaning of "employer" under the EPA is warranted.[5]

The definition of "employer" under the FMLA is substantially similar to the definition under the FLSA.[6]  Thus, defendants argue since public officials are not "employers" under the FMLA according to Mitchell, then public officials cannot be considered "employers" under the FLSA (EPA).  Defendants merely rely on the similarity of the statutory language without citing any precedent in support.

The Sixth Circuit "has never extended individual liability to public employees under the FLSA." Mitchell, 343 F.3d at 832.  However, that is not to say the law forbids doing so.  Unlike its lengthy discussion of the FMLA, the Sixth Circuit "has not addressed a textual analysis of whether the FLSA imposes individual liability on public agency employers." Id. at 832 n.27.  Since the Sixth Circuit has not examined the issue, the Court must look to other Circuits for guidance.

In Welch v. Laney, 57 F.3d 1004 (11th Cir. 1995), a former employee of a sheriff's department brought an EPA claim against the county sheriff in his individual capacity.  In upholding the district court's dismissal of the claim, the Court held that the sheriff individually

---

[4] In support of this claim, plaintiff again states "that the allegations and claims under Title VII and O.R.C. Chapter 4112 were inadvertently combined in a single Count in the initial complaint...." (Pl. Memo. Opp. 2).  This statement is presumably a typo which should say that the claims under the EPA and O.R.C. Chapter 4111 were inadvertently combined.  The Court admonishes plaintiff's counsel to do a more diligent job in drafting memoranda for this Court in the future.  Thus far, plaintiff has admitted two significant errors in the initial complaint and referenced an amended complaint which has never been filed.

[5] Unlike the Title VII claim, the Court cannot conclusively say that plaintiff has abandoned her EPA claim against defendant Creal in his individual capacity.  This is based partly on the confusion from the presumed typo as well as plaintiff saying "*if* this Court finds that an Equal Pay Act claim under 29 U.S.C. Sec. 206 may not be brought against Creal individually...." (Pl. Memo. Opp. 3) (emphasis added).

[6] The EPA is an extension of the FLSA and incorporates the FLSA's definition of employer.  Wascura v. Carver, 169 F.3d 683, 684 (11th Cir. 1999).

8

did not qualify as an "employer" under the EPA. Id. at 1011. The Court applied a basic test for determining who qualifies as an employer[7] and ultimately decided that defendant sheriff in his individual capacity had no control over plaintiff's employment. Id. The Eleventh Circuit again embraced this rule in Wascura v. Carver, 169 F.3d 683 (11th Cir. 1999). Although that case dealt with the individual liability of public employees under the FMLA, the Court relied on the analysis in Welch to determine that public employees could not be held individually liable under the FMLA. The Court directly states that "Welch establishes as the law of this circuit that a public official sued in his individual capacity is not an 'employer' subject to individual liability under the FLSA." Id. at 686.

Other Courts have taken the opposing view. See e.g. Kilvitis v. County of Luzerne, 52 F.Supp.2d 403, 415-16 (M.D.Pa. 1999) (recognizing that public officials can be held individually liable under both the FMLA and FLSA); Baker v. Stone County, 41 F.Supp.2d 965, 978-81 (W.D.Mo. 1999) (recognizing that public officials can be held individually liable under the FLSA); Barfield v. Madison County, 984 F.Supp. 491, 496-99 (S.D.Miss. 1997) ("[T]he conclusion of the Court is that the Sheriff in his individual and official capacities is an employer under the FLSA."). Some courts have directly questioned the persuasive value of the Eleventh Circuit cases. See e.g. Keene v. Rinaldi, 127 F.Supp.2d 770, 778 n.4 (M.D.N.C. 2000) ("The lack of analysis in both Welch and Wascura greatly reduces their persuasive value.").

Judge Posner of the Seventh Circuit has also spoken on this issue. In Luder v. Endicott,

---

[7] In this regard, they reference the Fifth Circuit's "total employment situation" test in determining whether an entity qualifies as an employer under the EPA. Included in this analysis is whether or not the employment took place on the alleged employer's premises, how much control the alleged employer exerted on the employees, and if the alleged employer had the power to fire, hire, or modify the employment condition of the employees. Welch, 57 F.3d at 1011 (citing Wirtz v. Lone Star Steel Co., 405 F.2d 668, 669-70 (5th Cir. 1968).

253 F.3d 1020 (7th Cir. 2001), a group of Wisconsin prison employees sued their supervisors in their individual capacities under the FLSA.[8] Specifically, the plaintiffs alleged they were not compensated for extra work they regularly performed before and after their scheduled shifts. Id. at 1022. In determining whether or not defendant supervisors were "employers" under the FLSA, the Court looked to the same test used for supervisors in private companies. That is, "the supervisor who uses his authority over the employees whom he supervises to violate their rights under the FLSA is liable for the violation." Id. Assuming the allegations in the plaintiff's complaint were true, the Court held the defendants could be sued in their individual capacities since they "exercised the raw power to deny the plaintiffs their rights under the FLSA." Id. Finally, the Court said the following with regard to the two Eleventh Circuit cases:

> The Eleventh Circuit has held that a public officer sued in his individual capacity cannot be an employer because it is only in his official capacity that he has authority over the employees' terms of employment. ... With respect, we think that this cannot be right, as it would imply that a police officer who used excessive force against a person he was arresting could not be sued in his individual capacity because it was only by virtue of his office that he had the authority to make the arrest.

Id. (internal citations omitted). The Court further noted that the distinction on which the Eleventh Circuit relied had been done away with by the Supreme Court in Hafer v. Melo, 502 U.S. 21, 28 (1991), which the Eleventh Circuit failed to cite in either the Welch or Wascura case.

   A final factor to consider is the Sixth Circuit's rationale in Mitchell. As noted previously, the Court held that a supervisor in a public agency cannot be sued in their individual capacity under the FMLA. Essential to their holding was the Court's conclusion that the FMLA's individual liability provision does not extend to public agencies. Mitchell, 343 F.3d at

---

[8] These supervisors included a warden, deputy warden, and personnel officers of the prison.

832. Although this case does not settle the EPA issue, the Court's thorough reasoning in reaching its decision is relevant.

The Court in Mitchell was persuaded by several factors emanating from the text and framework of the FMLA statute. One factor was the fact that section 2611(4)(A) of the FMLA explicitly separates the individual liability provision from the public agency provision. Mitchell, 343 F.3d at 829. The EPA statute, on the other hand, groups these two sections together. Section 203(d) of the EPA states: "'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee *and includes a public agency....*" 29 U.S.C. § 203(d) (emphasis added). Since the separate grouping of the two provisions in the FMLA cut against individual liability for public officials, the fact that the EPA's definition of "employer" groups the two provisions together lends support to individual EPA liability for public officials.

Considering all of the relevant cases, the Court holds a public official can be sued in their individual capacity for violations of the EPA. Assuming the allegations in the complaint are true, which this Court must do for purposes of deciding the present motion, plaintiff has failed to state a valid claim against defendant Creal in his individual capacity. Plaintiff's EPA claim is based on alleged disparities in compensation among male and female employees of ODI. (Pl. Compl. ¶ 36,37). The complaint indicates that as a Human Resources Administrator, defendant Creal had the authority to recommend pay increases and coordinate transfers of employees' offices, thus giving him significant control over the terms and conditions of plaintiff's employment. (Pl. Compl. ¶ 16). Simply having the authority to recommend pay increases and to coordinate transfers of employees' offices does not rise to the level of operational control

11

warranting individual liability. There is no indication that defendant Creal had the ability to hire, fire, or modify significant employment conditions, including employee compensation levels. Having the authority to *"recommend* pay increases" and "*coordinate* transfers of employees' offices" does not warrant being held individually liable for alleged unequal compensation of employees.

Therefore, the Court finds plaintiff has failed to state a claim against defendant Creal in his individual capacity. Defendant Creal individually is entitled to judgment on the pleadings on the EPA claim.

### D. State Claims

Defendants assert that all three of plaintiff's remaining claims must be dismissed since states and state officials are immune from claims in federal court.[9] Plaintiff's memorandum addresses only the O.R.C. § 4111 claim against defendant Creal in his individual capacity. Since Plaintiff addresses only the wage discrimination claim, the Court deems all three state claims against defendants in their official capacities to be abandoned. The Court also deems the O.R.C. § 4112 and public policy claims against defendant Creal individually to be abandoned.

O.R.C. § 9.86 says the following with regards to liability of public officials:

> Except for civil actions that arise out of the operation of a motor vehicle and civil actions in which the state is the plaintiff, no officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

---

[9] Plaintiff's three state claims are sex discrimination and retaliation in violation of O.R.C. § 4112, wage discrimination in violation of O.R.C. § 4111, and adverse employment action in violation of public policy under Ohio common law.

The Code also states:

> A civil action against an officer or employee...that alleges that the officer's or employee's conduct was manifestly outside the scope of his employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner *shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity* under section 9.86 of the Revised Code....

O.R.C. § 2743.02(F) (emphasis added). Therefore, "state employees may not be sued unless and until it has been determined by the Court of Claims that they are not entitled to immunity." Haynes v. Marshall, 887 F.2d 700, 704 (6th Cir. 1989).

Plaintiff has not indicated that she has in fact asked the Ohio Court of Claims to consider the matter and this Court is unaware of any such determination. As a result, this Court lacks jurisdiction over the O.R.C. § 4111 claim brought against defendant Creal in his individual capacity. Accordingly, the Court dismisses this final state claim.

## IV. DISPOSITION

For all of the foregoing reasons, the Court **GRANTS** defendants' motion for judgment on the pleadings. Plaintiff's Title VII claim against defendants in their official capacities is dismissed without prejudice. The remaining claims discussed herein are dismissed with prejudice. Plaintiff's official capacity EPA claim remains pending.

The Clerk shall remove Doc. 10 from the Court's pending motions list.

**IT IS SO ORDERED.**

/s/ George C. Smith
**GEORGE C. SMITH, JUDGE**
United States District Court